**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONICS FOR IMAGING INC., | No. C 06-03947 CRB |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| ATLANTIC MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Electronics for Imaging, Inc. seeks to recover from its insurance carrier the cost of litigating a prior suit. By Memorandum and Order filed December 15, 2006, the Court granted plaintiff's motion for summary judgment and held that defendant had breached its duty to defend by refusing to defend plaintiff in the underlying action.

The parties now ask the Court to decide whether, in determining the amount of plaintiff's damages, defendant may "deduct" the attorneys' fees and costs plaintiff incurred in defending claims other than the potentially covered claim. Defendant contends that even though it breached its obligation to provide a duty to defend the entire action, it is not responsible for those fees and costs that it proves by a preponderance of the evidence were incurred solely for defense of uncovered claims.

//

"The cases which have considered apportionment of attorneys' fees *upon the wrongful refusal of an insurer to defend an action against its insured* generally have held that the insurer is liable for the total amount of fees despite the fact that some of the damages recovered in the action against the insured were outside the coverage of the policy." Hogan v. Midland National Ins. Co., 3 Cal.3d 553, 564 (1970) (Emphasis added); see also Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp., 130 Cal.App.4th 1078, 1088-89 (2005) ("The general measure of damages for a breach of the duty to defend an insured, even if it is ultimately determined there is no coverage under the policy, are the costs and attorney fees expended by the insured defending the underlying action. Where the policy provides coverage for the claim and, as occurred in this case, the insured settles the underlying action, an insured may also recover from the insurer the amount of any reasonable, good faith settlement."); Amato v. Mercury Casualty Co., 18 Cal.App.4th 1784, 1794 (1993) ("[T]he proper measure of damages is that amount which will compensate the insured for the harm or loss caused by the breach of the duty to defend, i.e., the cost incurred in defense of the underlying suit.").

Defendant's reliance on Buss v. Superior Court, 16 Cal.4th 35 (1997), is misplaced. There the insured accepted the defense of the action against its insured, but under a reservation of rights. "[I]t reserved all its rights, including to deny that any cause of action was actually covered, and, '[w]ith respect to defense costs incurred or to be incurred in the future, . . . to be reimbursed and/or [to obtain] an allocation of attorney's fees and expenses in this action if it is determined that there is no coverage.'" Id. at 42. After the action settled, the insured and insurer filed a lawsuit to determine what right to reimbursement, if any, the insurer had for fees and costs incurred in defending claims with no potential for coverage. Id.

The California Supreme Court reaffirmed the insurer's obligation to defend an entire action even if only one claim is potentially covered: "To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not." Id. at

2

49. The court also held that "[a]s to the claims that are at least potentially covered, the insurer may not seek reimbursement for defense costs." Id. It held further that as to those claims are "not even potentially covered," the insurer may seek *reimbursement* for defense costs. Id. at 50. The insurer cannot seek reimbursement, however, if it breached its obligation to provide a defense in the first place–there is nothing to reimburse since the insurer paid nothing. The Buss court explained:

> We note that the Court of Appeal assumed that, in order to obtain reimbursement for defense costs, the insurer must reserve its right thereto. To the extent that this right is implied in law as quasi-contractual, it *must* indeed be reserved. Through reservation, the insurer gives the insured notice of how it will, or at least may, proceed and thereby provides it an opportunity to take any steps that it may deem reasonable or necessary in response-including whether to accept defense at the insurer's hands and under the insurer's control or, instead, to defend itself as it chooses. To the extent that this right is implied in fact in the policy as contractual, it *should* be reserved. Through reservation, the insurer avoids waiver. Here, Transamerica reserved all its rights, contractual and otherwise.

Id. at 61 n.27. Moreover, the court noted that one "good sense" reason for the rule that an insurer may seek reimbursement for non-covered defense costs upon a reservation of rights is that

> [w]ithout a right of reimbursement, an insurer might be tempted to refuse to defend an action in any part–especially an action with many claims that are not even potentially covered and only a few that are–lest the insurer give, and the insurer get, more than they agreed. With such a right, the insurer would not be so tempted, knowing that, if defense of the claims that are not even potentially covered should necessitate any additional costs, it would be able to seek reimbursement.

Id. at 52. Here, defendant advocates for a rule that would give an insurer a disincentive to provide a defense; regardless of whether the insurer provides a defense, the insurer would not be liable for those costs that it proves were incurred solely in defense of non-covered claims. It is unsurprising that defendant does not cite a single case that allows for such a "deduction" in damages where the insurer refused to provide a defense at all.

Hogan does not give an insurer who refuses to provide a defense the right to deduct from an award of damages the costs incurred defending non-covered claims. After setting forth the general rule–the insured is liable for the total amount of fees despite the fact that some of the damages recovered were outside the policy–the court mused about how difficult

3

1  it would be to determine such a deduction in any event. 3 Cal.3d at 564. The court's
2  rumination, however, is not a statement of the law, which explains why defendant has not
3  been able to cite a single case that has followed the Hogan court's "musing" as law. See
4  Buss, 16 Cal.4th at 56 (noting that Hogan's statement about an allocation of expenses
5  between the insured and insurer is "dictum").

6      Defendant also raises an issue as to costs and fees incurred by plaintiff in pursuing
7  affirmative claims. The issue is somewhat different from fees and costs incurred in
8  defending an action; however, while defendant raised the issue, plaintiff did not. The present
9  record is therefore inadequate for the Court to rule.

## CONCLUSION

11      The Court will treat the parties' briefs as cross-motions for partial summary judgment.
12  As defendant did not provide plaintiff with a defense, defendant is liable for plaintiff's costs
13  and fees incurred in defending the underlying action, including those fees and costs incurred
14  in defending claims that are not even potentially covered. Accordingly, plaintiff's cross-
15  motion for partial summary judgment on this issue is GRANTED.

16      **IT IS SO ORDERED.**

18  Dated: May 14, 2007

    CHARLES R. BREYER
    UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\3947\orderreallocation.wpd    4